CRIMINAL LAW (§ 1023*)—APPEAL—NECESSITY OF SENTENCE.

Under Rev. Code Cr. Proc. 1911, art. 856, requiring in all cases of felony, other than one where the verdict prescribes the death penalty, that sentence shall be pronounced before appeal is taken, appeal will not lie in any other felony case till sentence has been pronounced and entered of record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. § 1023.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Russell Kinch was convicted, and appeals. Dismissed.

Beard & Davidson, of Marshall, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. In this case the record fails to disclose that the defendant has ever been sentenced by the court trying the case. This being a conviction for a felony, in which the punishment assessed is only 10 years' confinement in the penitentiary, under article 856 of the Revised Code of Criminal Procedure, an appeal will not lie until sentence has been pronounced and entered of record. Arcia v. State, 26 Tex. App. 193, 9 S. W. 685; Heinzman v. State, 34 Tex. Cr. R. 76, 29 S. W. 156, 482; Hinman v. State, 54 Tex. Cr. R. 434, 113 S. W. 280.

The appeal is dismissed.

---

HARDEE v. STATE.

(Court of Criminal Appeals of Texas. Oct. 23, 1912.)

1. CRIMINAL LAW (§ 1099*) — APPEAL AND ERROR — SUFFICIENCY OF RECORD FOR REVIEW—STATEMENT OF FACTS.

A purported statement of facts, made out by the stenographer, but not signed or agreed to by any of the attorneys, nor approved in any way by the court, in a criminal prosecution, is insufficient for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

2. CRIMINAL LAW (§ 1097*)—APPEAL AND ERROR — SUFFICIENCY OF RECORD — NECESSITY FOR STATEMENT OF FACTS.

Where, on an appeal from a conviction, there is not a sufficient statement of facts in the record, and the charge of the court presents the matter in the manner authorized, and in accordance with the indictment, no question attempted to be raised thereon can be considered, and an affirmance is warranted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from District Court, Angelina County; James I. Perkins, Judge.

L. G. Hardee was convicted of rape, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. By proper indictment the appellant was charged with rape on a girl under 15 years of age, was tried and convicted, and given the lowest penalty.

[1] There is no statement of facts with the record. The only thing that purports to be appears to have been made out by a stenographer, but not signed or agreed to by any of the attorneys, nor approved in any way by the court. It cannot be considered by us.

[2] The charge of the court clearly presents the matter in the manner authorized, and in accordance with the indictment. No question attempted to be raised by appellant can be considered, in the absence of a statement of facts.

The judgment is therefore affirmed.