BEN FLAGG, ALIAS JOHN RAINEY, v. STATE.

·No. 2272. Decided February 12, 1913.

1.—Theft of Horse—Statement of Facts.

Where the alleged statement of facts was not approved by the trial judge, the same cannot be considered on appeal.

2.—Same—Circumstantial Evidence—Charge of Court.

While it would be better practice for the court to inform the jury, when he gives a charge on circumstantial evidence, yet it is not necessary to do so, where the court, in fact, charges on such evidence.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Barry Miller.

Appeal from a conviction of theft of a horse; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The statment of facts shows to have been signed only by counsel for the appellant and is not approved by the judge. The evidence, therefore, can not be considered.

There is one bill of exceptions in the record which recites that the case is one of circumstantial evidence and the court, in charging upon this, gave the usual stereotyped charge, but nowhere told the jury the case at bar was one upon which the State relied upon circumstantial evidence for a conviction. So far as this phase of the case is concerned, we are of the opinion that this was not error. While it would be better for the court to inform the jury, when he gives a charge on circumstantial evidence, yet it is not necessary to do so. The jury would understand by reason of the fact that the court charged on circumstantial evidence that that was a part of the law of the case and that the case was one of circumstantial evidence. For collation of authorities see Branch's Crim. Law, Sec. 204.

The other questions in the absence of the evidence can not be considered. As the record is presented the judgment will be affirmed.

*Affirmed.*