COLUMBUS SHADDIX v. THE STATE.

. No. 6445.  Decided November 16, 1921.

Rehearing denied December 14, 1921.

**1.—Intoxicating Liquor—Manufacturing—Statement of Facts.**

Where the alleged statement of facts was not approved by the trial court, the same could not be considered on appeal. Following Flagg v. State, 69 Texas Crim. Rep., 107, and other cases.

**2.—Same—Leave to Withdraw Statement of Facts.**

Where appellant made a motion for leave to withdraw the alleged statement of facts in order to have the same authenticated, which motion was not filed, and did not show sufficient diligence why the statement of facts was not approved in time, the same could not be considered.

**3.—Same—Jury and Jury Law—Talesman—Prohibitionist.**

We know of no reason why a prohibitionist or one of opposite view is *ipso facto* disqualified as a juror upon trial of the manufacture of intoxicating liquor in violation of the law, and there was no error.

**4.—Same—Illicit Still—Search Warrant—Trespasser.**

Testimony of one who found an illicit still upon the premises of another, to the fact of such finding, is not subject to objection that there was no search warrant, and that the party so finding were trespassers; besides, no overt act was shown.

**5.—Same—Witness on Indictment—Rebuttal—Surprise.**

That the State used witnesses whose names were not on the indictment would not present any reversible error, nor was there shown any surprise.

**6.—Same—Evidence—Bill of Exceptions—Cross Examination.**

Where the court's qualification to the bill of exceptions stated that the testimony objected to was elicited from the witness by defendant's counsel, this would destroy the effect of the bill of exceptions that the answer was not in response to the question.

**7.—Same—Purposes Excepted by Statutes—Liquor Law—Requested Charge —Burden of Proof.**

Defendant's special charge, that the burden was on the State to show that the liquor in question was not manufactured for one of the purposes excepted by .Statute, was properly refused. Following Robert v. State, 90 Texas Crim. Rep., 135, recently decided.

**8.—Same—Bill of Exceptions—Evidence—Rebuttal.**

In the absence of a statement of facts, etc., an exception to the rebuttal testimony of certain witness cannot be considered on appeal.

**9.—Same—Sufficiency of the Evidence—Bill of Exceptions.**

Upon appeal, in the absence of a statement of facts, the sufficiency of the evidence to support the verdict cannot be reviewed on appeal.

**10.—Same—Rehearing—Bill of Exceptions—Forcible Entry.**

Where there is nothing in the bill of exceptions which shows any forcible entry upon the premises where the still was found, or any other act connected with the finding of said still which would bring the testimony within any of the cases referred to by defendant in his motion for rehearing, the same must be overruled.

**11.—Same—Rebuttal Testimony—Surprise—Practice in Trial Court.**

Our procedure permits one on trial to make application for continuance or postponement ·n the event unforseen testimony is offered against him, and· in·the absence of such application in the instant case, there was no error in permitting certain witnesses to testify in rebuttal.

Appeal from the District Court of Cass. Tried below before the Honorable Hugh Carney.

Appeal from a conviction of unlawful manufacture of intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Henry G. Nelson* and *C. R. Newland,* for appellant.—On question of testimony about finding the still: Youman v. Com., 234 S. W. Rep.,. 860.

On question of charge and burden of proof: Todd v. State, 229 S. W. Rep., 516; Burciago v. State, 228 id., 562.

On question of prohibitionist on jury: Vellareal v. State, 189 S. W. Rep., 156.

On question of seizing still without search warrant: Youman v. Commonwealth, 234 S. W. Rep., 860.

On question of names of witnesses on indictment: Allsup v. State,. 210 S. W. ·Rep., 196.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Cass County of manufacturing intoxicating liquor, and his punishment fixed at two years in the penitentiary.

There appears in the record what purports to be a statement of facts. Same is not approved by the trial court and hence cannot be considered by us. Hardee v. State, 68 Texas Crim. Rep., 4, 150 S. W. Rep., 610; Flagg v. State, 69 Texas Crim. Rep., 107, 153 S. W. Rep., 852; Vernon's C. C. P., p. 819, and authorities cited.

What purports to be a motion of appellant to leave to withdraw said statement of facts in order to have same authenticated, is among the papers, but is not filed. Our Assistant Attorney General contends that same is wholly insufficient and shows no good reason for granting the request therein contained. We are of opinion his objection to said motion is well taken, and that same should not be granted. Said motion is not sworn to as to the facts therein set forth, and not enough facts are stated to justify us in granting the request. From the transcript in the record we learn that the instant case was tried on March 24, 1921, and that the trial term of the court below ended April 15, 1921. Said motion recites that the stenographer sent to appellant's counsel on July 5, 1921, the said statement of facts and that he could not get in touch with the trial court, who was away on his vacation, within the time allowed by law for the filing of such statement of facts in this court. July 5th, 1921, was two months and more than twenty days after the adjournment of the trial court. Said statement of facts contains only about forty pages and would not appear to have required any great length of time for the preparation thereof. No effort is made in said motion to show any reason or excuse for waiting from March 24th until July to get from the stenographer said statement of facts. For aught we know from the motion, no application therefor was made to the stenographer. He may have had ample time in the long interim in which to have prepared said statement of facts if properly requested. One seeking to excuse an apparent lack of diligence must furnish this court some reason for accepting such excuse.

By a bill of exceptions appellant complains that talesmen to complete the trial jury were summoned by the sheriff, he being a State witness, and that certain named talesmen so summoned were strong prohibitionists. No fact appears in said bill reflecting any effort of the sheriff to tamper with or influence said jurors, and the trial court qualifies said bill by stating that the jurors were examined as to their qualification by appellant and no objection made to them until after they were sworn to serve. The bill shows no error. We know of no reason why a prohibitionist or one of opposite views *ipso facto* is disqualified as a juror in any kind of a case. If on his *voir dire* it should appear that he entertained prejudice, that would present a different question.

90 T. C.—28

Testimony of one who found an illicit still upon the premises of another, to the fact of such finding,—is not subject to the objection that there was no search warrant, and that the parties so finding said still were trespassers. One simply on the premises of another is not a trespasser under our law unless guilty of some overt act or in disregard of some express forbiddance.

That the State used witnesses in rebuttal whose names were not on the indictment would not seem to present any reversible error. We are unable to see how testimony properly rebuttal in character could be legally a surprise. That the accused did not know of the State's possession of such testimony, does not amount to what in law would be deemed a surprise.

A statement by a State witness while being cross-examined by the accused, which was not in response to any question asked, was properly excluded by the trial court upon request. The court's qualification to this bill of exceptions states that, "This testimony was elicited from the witness by defendant's counsel." If true, this fact would in any event destroy the purported effect of the bill of exceptions.

Appellant's special charge that the burden was on the State to show that the liquor in question was not manufactured for one of the purposes excepted by statute, was properly refused. P. Robert v. State, No. 5970, 133, decided at this term.

Bill of exceptions No. 6 to the rebuttal testimony of certain witnesses, cannot be sustained because of the absence of a statement of facts and of the further fact that no sufficient showing of inadmissibility appears from the statements of the bill.

In the absence of a statement of facts the sufficiency of the evidence to support the verdict, cannot be reviewed by us.

No error appearing in the record the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

December 14, 1921.

LATTIMORE, Judge.—Appellant earnestly insists that we erred in not sustaining the contention set forth in his bill of exceptions No. 2, which complains of the refusal of the trial court to strike from the record the testimony of the officers who found on the premises of one Floyd an illicit still used in connection with the manufacture of liquor charged against appellant. There is nothing in the bill of exceptions which shows any forcible entry upon the premises of Floyd, or any other act connected with the finding of said still, which would bring the testimony within any of the cases referred to by appellant in his motion.

Appellant also again urges that the State should not have been permitted to use certain witnesses in rebuttal whose names did not appear upon the indictment, and claims that such testimony was very hurtful to his cause and was a great surprise to his counsel. Our procedure permits one on trial to make application for continuance or postponement in the event unforeseen testimony is offered against him, and in case he brings himself within the very reasonable rules laid down in regard to such matters, and his request is refused, this court has reversed; but in the instant case there was no such request and no effort made to postpone or continue, and if appellant's counsel was surprised to any great extent at the testimony of said witnesses, same is not made known to us in any legal manner. The mere introduction of witnesses whose names or presence are unknown to appellant, of itself constitutes no ground for the reversal of cases by this court.

In the absence of a statement of facts we are unable to give further consideration to appellant's contention that the evidence does not support the judgment.

The motion for rehearing will be overruled.

*Overruled.*