CHARLIE WALKER V. THE STATE.

No. 22506. Delivered May 19, 1943.
Rehearing Denied June 9, 1943.

The opinion states the case.

*Cunningham, Boling & Cooke,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a case of selling whisky in a dry area in violation of law; the punishment, a fine of $100.00.

An agent of the Texas Liquor Control Board testified that the appellant sold him a pint of whisky, as alleged in the information. The jury was authorized to believe the testimony of the agent, notwithstanding appellant's denial thereof. Its verdict is, therefore, sustained.

The information, upon which this prosecution was maintained, was based upon a complaint sworn to before the Assistant County Attorney of Lubbock County, Texas.

Upon the trial of this case, appellant, by motion, sought to quash the complaint because the county attorney, in whose name the assistant county attorney presented the information, as well as the assistant before whom the complaint was sworn to, were not such officers in fact, but, to the contrary, said officers were holding such offices without authority of law. Appellant sought thereby to attack, collaterally, the right of said officers to hold their respective offices and to perform the duties appertaining to which the assistant county attorney was performing.

A quo warranto proceeding is the exclusive remedy to test the right of an officer to hold office. Snow v. State, 114 S. W. (2d) 898. It may not be done by an accused upon the trial of his case.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The motion for rehearing will be denied without discussing the matters considered in the original opinion.

In addition, appellant again presents his plea of former jeopardy under the contention that two employees of the Liquor Control Board, McBride and Russell, went to the home of appellant and, according to the evidence, purchased whisky. Both men secured their orders and were working under the direction

of the Liquor Control Board. Both men purchased the liquor with money furnished to each by the Liquor Control Board for that purpose. The evidence is similar. In one case it tells of the whisky sold to McBride and in the other, to Russell. The contention is here made that there is but one transaction; that the Liquor Control Board was doing the purchasing; and that, under the authority of Plunk v. State, 96 T. C. R. 205, 256 S. W. 922 and Colter 94 T. C. R. 96, 252 S. W. 168, only one prosecution can be maintained. The conviction must be sustained under the facts of the instant case and this is supported by the opinions in these cases. It is shown by the evidence that the transactions were contemporaneous. Each purchased a pint of whisky. The men were individually employed and not as a partnership. They were acting in their official capacities, each for himself, as a representative of the Liquor Control Board, and the sale was of one pint to McBride and another pint to Russell, definitely making two transactions, even though the evidence had shown them to be at exactly the same time, which it does not for Russell bought his pint and then motioned to McBride to come into the house (McBride had remained in the car) when he purchased the other pint for which the former conviction was had.

The motion for rehearing is overruled.