CHARLIE WALKER v. THE STATE.

No. 22601. Delivered November 3, 1943.
Rehearing Denied January 5, 1944.

The opinion states the case.

*Jimmie Cunningham,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged with selling whisky to J. A. McBride in Lubbock County, a dry area, on October 18, 1942. Appellant was convicted and his punishment assessed at a fine of $150.00.

It was admitted that Lubbock County was a dry area, and the State's evidence established the sale as alleged.

By a motion to quash the complaint and information appellant sought to raise the question whether the County Attorney and Assistant County Attorney who took the complaint were officers, or whether they were holding such office without authority of law. This exact question was disposed of against appellant in Walker v. State, 171 S. W. (2d) 887, which apparently was another case against this same appellant. At least, the names are the same and the appeals are from the same count.

By bill of exception number three appellant complains that "the State was permitted to exhibit to the jury a bottle of whisky which the State's witness, McClain, identified as being evidence in another and different case against this defendant." The bill then recites that appellant objected to the exhibition of such whisky before the jury and the testimony of the witness McClain that such whisky was evidence against appellant in another case. There is no showing in the bill as to how said bottle of whisky was exhibited, whether in the argument of State's counsel or in the examination of witness. There is no complaint that such other bottle of whisky was introduced in evidence, and the statement of facts does not reflect that it was so introduced. Upon the point under consideration the statement of facts does show that while McBride was being examined by State's counsel the witness testified that McClain had the whisky witness bought from appellant. We gather from the statement of facts that witness was then handed a bottle of whisky by State's counsel for the statement of facts recites that witness said, "This bottle which you have handed me is the wrong bottle. This one is the bottle. I can identify it. It is the bottle of whisky I bought from Charlie Walker on October 18, 1942." No complaint was brought forward at McBride's evi-

dence or of the incident mentioned. The statement of facts shows that the State's counsel never asked McClain anything about any bottle of whisky save the one identified by McBride as the one he had bought on October 18. McClain testified on direct examination only to the fact that McBride had turned said whisky over to him, McClain. All of the evidence regarding another bottle of whisky was drawn from McClain on cross examination by appellant's counsel. Upon such cross examination he testified as follows: "This was handed to me on the morning of the 19th, the next morning, he (McBride) handed me other bottles at the same time. I did not intend to get the bottles mixed up. The bottle I brought in here while ago is not this bottle. * * * When McBride brought me this bottle he brought some others at the same time. He brought in the bottles that he had with him then. When he handed this to me I erased some stuff off of the labels. * * * When you called for a bottle of whisky I didn't bring this one. I brought another bottle in here. It had labels on it. The labels on that bottle I brought in here while ago spoke for themselves." It will be observed that there is no showing either in the statement of facts or in the bill what was on the label, or whether the jury saw whatever might have been there. If the "exhibition" to the jury of another bottle of whisky of which complaint is reflected by the facts testified to by McClain they were developed by appellant's counsel on cross examination. If the "exhibition" was in some other manner this court has not been apprised of it.

It is not thought reversible error as shown under the circumstances stated.

We observe that the trial term of court adjourned on November 28, 1942. The statement of facts was filed in the trial court on December 18, 1942, and the bills of exception were filed therein on December 29, 1942. Notwithstanding this the record was not filed in this court until June 21, 1943, nearly six months after it was in condition to have been prepared and forwarded. Such delay is unpardonable, and we trust there will be no repetition of it.

The judgment is affirmed.

#### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

The record has again been examined in the light of appellant's insistence that reversible error is reflected by Bill of Exception No. 3.

We remain convinced of the correctness of the conclusion expressed originally.

The motion for rehearing is overruled.

. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals . and approved by the Court.