he was intoxicated, and explained his staggering by testimony of an old injury to his leg.

The jury found against appellant's contention that he was not intoxicated.

There are no bills of exception in the record.

Finding the evidence sufficient to support the verdict of the jury, the judgment of the trial court is affirmed.

## SHIRLEY v. STATE.
### No. 25502.

Court of Criminal Appeals of Texas.
Nov. 21, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $250.00.

Two officers of the Department of Public Safety testified that they arrested appellant on the day charged in the information, that they smelled alcohol on his breath, that he staggered, and that he was intoxicated. Appellant offered a number of character witnesses who testified as to his general reputation as being a peaceable and law-abiding citizen. Appellant testified in his own behalf, admitted that he had drunk several bottles of beer during the day, denied that

## LEWIS v. STATE.
### No. 25507.

Court of Criminal Appeals of Texas.
Nov. 21, 1951.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is the unlawful sale of whiskey in a dry area, prior convictions being

 

alleged for the purpose of enhancing the penalty; the punishment, a fine of $2,000.

 Motion for new trial was overruled on February 3, 1951, and the statement of facts was filed in the trial court on February 21, 1951. The statement of facts cannot be considered because it is not signed by the judge or the trial court. In the absence of a statement of facts, we are unable to pass upon the sufficiency of the evidence to support the conviction.

There are no bills of exception in the record.

The complaint and information appear regular on their face; and nothing being presented for review, the judgment of the trial court is affirmed.