ments were harmless and that such motion should be overruled".

Here, we have a case where new evidence of a material nature is received by the jury during their deliberations and before reaching a verdict, which requires a reversal. Jones v. State, 136 Tex.Cr.R. 30, 123 S.W.2d 656, and cases cited. Adaire v. State, 123 Tex.Cr.R. 605, 60 S.W.2d 781, presents a similar fact situation to the case at bar.

For the errors shown, the judgment of the trial court is reversed and the cause remanded.

GRAVES, Presiding Judge.

Appellant was convicted of the offense of driving an automobile upon a public highway while under the influence of intoxicating liquor, and his punishment assessed at a fine of fifty dollars.

The record is before us without a statement of facts, in the absence of which this court is unable to appraise the merits of the bill of exception complaining of the admission in evidence of certain testimony set out in the bill.

The judgment of the trial court is affirmed.

## WHISTLER v. STATE.
### No. 25619.

Court of Criminal Appeals of Texas.

Jan. 9, 1952.

## METCALF v. STATE.
### No. 25629.

Court of Criminal Appeals of Texas.

Jan. 9, 1952.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

Bert Ashby, Dallas, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.