## WILLIE F. TOLIVER V. STATE.

No. 26,220. January 28, 1953.

No attorney for appellant of record on appeal.

*Bill J. Cornelius,* County Attorney, Jefferson, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of beer for the purpoes of sale in a dry area; punishment, a fine of $250.00.

No statement of facts or bills of exception accompany the record.

The sole question presented for review grows out of the overruling of appellant's motion in arrest of judgment. Therein, he alleges that a fatal variance exists between the complaint and the information in that the complaint alleged the date of the prohibition election to be "the 29th day of May, A. D., 1942," while the information alleges said date as "the _____ day of _____, A. D. 1942."

While it is true that the constituent elements of the offense must appear in both the complaint and the information, yet the same need not appear in the same phraseology or degree of particularity so long as there is no conflict between the two.

Branch's Annotated Penal Code, Sec. 482, expresses this rule as follows: "When there is a substantial agreement between

the information and the complaint on which it is based, a mere variance in the wording is not material."

Attention is further directed to our holding in Rowlett v. State, 156 Tex. Cr. Rep. 44, 238 S. W. 2d 781, in which we said that the allegation relative to the actual date of holding the prohibition election was an immaterial matter and need not be alleged.

We hold no variance to be shown by the above.

Finding no reversible error, the judgment of the trial court is affirmed.