GENE LEE V. STATE

No. 28,557. January 9, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 17, 1957.

*Allen, Johnson & Cherry*, by *Kenneth Johnson*, and *Sam B. Spence*, Wichita Falls, for appellant.

*Jimmy Castledine*, District Attorney, and *William V. Browning*, Assistant District Attorney, Wichita Falls, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for the murder of Dave Hill and was assessed a term of five years.

Appellant's Bill of Exception No. 1 presents the following points of error: "The Court erred in excusing the juror, Lindall C. Rose, after both sides had accepted the juror, Rose, over the objection of Appellant, after the juror, Rose, had been sworn as a juror and had spent an entire night in the company of other jurors who had previously been accepted and sworn."

On his voir dire examination the juror Rose was asked by the district attorney if there was any reason why he would not make a fair and impartial juror in the case, to which he answered "I know Mr. Hill's sister, Virginia Cook. She works in the same department I do * * * out at the base."

The "Virginia Cook" referred to by the juror was in truth the sister of appellant, Gene Lee, which fact was known to the juror, and his reference to her as being the sister of the deceased, Dave Hill, was inadvertent and unintended.

Appellant, of course, was well aware of the fact that the juror's reference was to his sister, and accepted the juror without examining him. The district attorney, being led to believe that any leaning or bias the juror had by reason of his association with Virginia Cook would be favorable to the state, also accepted the juror.

After the juror was sworn he further stated that he had heard a lot about the case from different people and indicated that he had a prejudice which he said he had tried to disclose to counsel. In answer to the court's inquiry as to whether he could lay aside everything he had heard and all prejudice and try the case on the evidence alone, the juror replied: "I will try;" "I guess so," and "I have to work with this woman."

No objection being offered by the state or by the defense, the juror Rose was permitted to join other jurors who had been selected and sworn.

On the following day, before any other venireman was examined, the district attorney made known to the court that he had learned that the woman referred to by the juror Rose was the sister of the defendant and not of the deceased, and at his request the court heard evidence establishing such fact.

The juror Rose was recalled and further examined. He testified that he did not intend to refer to his fellow employee as the sister of the deceased, but intended to say that she was the sister

of appellant, and that he could not be sure he could lay aside all prejudice.

The trial judge then excused the juror, though he had been accepted and sworn, stating: "I will excuse you. Both sides are entitled to jurors who do not have any prejudice, the state and the defendant alike."

We recently had occasion to consider the authority of a trial judge to excuse a juror who had been accepted and sworn in a capital case. Houston v. State, 162 Texas Cr. Rep. 551, 287 S.W. 2d 643. We were there dealing with a juror excused by agreement because of an injury he received after he had been sworn.

The majority held that the excusing of the juror after he was sworn did not violate the constitutional guarantee of the right to trial by jury.

Here also a juror who had been accepted and sworn in a capital case was excused and another selected in his place.

But, unlike the Houston case, here appellant strenuously objected to the court's hearing evidence and permitting further examination of the juror, and excepted to Rose being stood aside.

The Houston case, we take it, is authority for the proposition that the excusing of a juror after he is sworn and the selection of another juror in his place does not constitute a jury composed of 13, provided the court has the power to stand aside the excused juror.

The case of Black v. State, 46 Texas Cr. Rep. 590, 81 S.W. 302, cited in the Houston case, supports the state's contention that the trial court, in the exercise of his discretion, had the authority to excuse the Juror Rose.

In the Black case, the Juror Atkins and three others had been selected and sworn. Atkins sent word to the judge that he desired to make an explanation in reference to a mistake in answering the question as to his conscientious scruples in regard to the infliction of the death penalty.

His explanation was that he had misunderstood the question and that he did have such scruples and had discovered his mis-

take while hearing other jurors examined. Over objection, state's counsel was permitted to further examine the Juror Atkins and to challenge the juror, and the challenge was sustained.

This court stated that the question to be decided was whether or not a challenge for cause can be interposed after the juror has been selected, and held that the action of the trial court in sustaining the challenge was correct. On rehearing this court wrote at length on the question, citing with approval authorities from other jurisdictions as well as from this court.

"Where a juror has misled counsel in regard to a cause for challenge and is accepted as a juror, it would not be violative of the law, upon discovering that the cause did exist, that the challenge may then be exercised, and the court would not be in error in sustaining that challenge at any time before completion of the jury. However, we are not undertaking here to state the final time at which the matter may be investigated or the challenge interposed. It is not necessary here to discuss that question. This, we take it, is necessary, in order to guarantee a fair trial before an impartial jury, as well for the defendant as for the state. Suppose the juror had answered he had no bias or prejudice against defendant, or that he had not established in his mind a conclusion as to the guilt of defendant to such an extent that it would influence his verdict, and it was thereafter discovered he had bias or prejudice or had formed a conclusion as to the guilt or innocence of defendant, certainly it would not preclude defendant the right to introduce his cause for challenge and rid himself of a juror who had prejudged the case and whose bias or prejudice was of sufficient magnitude to influence that verdict against him. Authorities are not wanting to show that, where the juror has misled accused in regard to his prejudgment of the case or his bias or prejudice against accused, new trials have been awarded upon subsequently discovering those facts. A court of justice would be derelict in refusing a new trial under such circumstances. It would be in direct violation of the Bill of Rights, which guaranties the accused an impartial jury; for under such circumstances it would not be contended for a moment that a juror whose mind was in the condition indicated would be an impartial juror * * * ." Black v. State, 46 Texas Cr. Rep. 590, 81 S.W. 302, at 308.

The holding in the Black case above set out is deemed controlling here and is contrary to appellant's position.

There is no statement of facts which we are authorized to

consider, in the absence of which the remaining ground for reversal cannot be.appraised.

The judgment is affirmed.

DAVIDSON, Judge, concurring.

In Houston v. State, 162 Texas Cr. Rep. 551, 287 S.W. 2d 643, I endeavored to make it clear that a trial judge was without lawful authority to excuse an empaneled and sworn juror from the jury at any time for any reason. I also pointed out that when conditions or circumstances arise which make it necessary to excuse an empaneled juror the proper and legal method to be followed is to excuse the entire jury panel, and that trial by jury could be preserved only by following that method.

I have not changed my views as expressed in the dissenting opinion in the Houston case and, if I were so authorized, I would reverse the conviction in this case because appellant was denied trial by jury, as contemplated by the Constitution and statutes of this state.

My brethren, however, remain convinced of the correctness of the majority holding in the Houston case but have different views as to whether sufficient cause was shown to authorize the discharge of the juror in this case.

I agree with the reasoning of my brother Woodley upon that question, and I therefore concur in the affirmance of the case.

MORRISON, Presiding Judge, dissenting.

I remain convinced of the soundness of the opinion in Houston v. State, supra, but do not agree with the disposition of the present case.

The only reason the juror Rose was challenged was because the district attorney belatedly learned that Rose worked with the sister of the appellant and not the sister of the deceased. I have concluded, and in this I think I am joined by my brethren, that Rose acted in perfectly good faith all the way through. He merely got the names mixed. He told everybody in open court before he was sent to join the other jurors that he was prejudiced in the case.

No one ever learned, and we do not know now, whether Rose

was prejudiced against the accused or "prejudiced" in his favor. As long as the district attorney guessed that Rose's prejudice was in favor of his side of the controversy, he was perfectly willing for him to serve. As soon as he suspected the contrary, he immediately appealed to the court to help him get rid of the juror.

The purpose of the voir dire examination is to learn about the prospective jurors. Neither side should be allowed to waive proper examination and then run to the court for aid when they find out information which was available to them all along. A full and proper examination of Rose by the district attorney would have revealed what he later learned. He should not now be allowed to say that he was misled when he might have learned had he tried.

I respectfully dissent.