Judge Hawkins, in Walker v. State, 90 Tex.Cr.R. 509, 232 S.W. 509, 511, said, "The law does not contemplate verbal applications for continuance in the first instance * * *." See also Ortiz v. State, 154 Tex.Cr.R. 52, 224 S.W.2d 883, and Bascom v. State, 114 Tex.Cr.R. 32, 24 S.W. 2d 437.

In view of the above, we must hold that the appellant has not preserved his complaint to the action of the trial court in failing to grant a continuance.

Finding no reversible error, the judgment of the trial court is affirmed.

**William I. TUCKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 29300.**

Court of Criminal Appeals of Texas.

Nov. 27, 1957.

Rehearing Denied Jan. 15, 1958.

J. M. Parker, Gorman, for appellant.

Leon B. Douglas, State'e Atty., Austin, for the State.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, two years.

█ The statement of facts appearing in the record was not filed with the clerk of the trial court as required by Article 759a, Section 4, Vernon's Ann.C.C.P. Therefore the statement of facts cannot be considered. Williams v. State, Tex.Cr.App., 264 S.W. 2d 112.

█ The complaint and information, as well as all matters of procedure, appear regular; therefore nothing is presented for review.

The judgment of the trial court is affirmed.

On Appellant's Motion for Rehearing

DICE, Commissioner.

Appellant insists that the statement of facts was filed with the clerk of the trial court and therefore should be considered and in support thereof has attached to his motion for rehearing an affidavit of the clerk in which it is certified that the state-

ment of facts was filed in his office immediately after its approval.

While it now appears that the statement of facts was filed with the clerk of the trial court the record reflects that it was not filed within 90 days after notice of appeal was given as required by Art. 759a, sec. 4, Vernon's Ann.C.C.P. The statement of facts, not having been filed within the 90 day period provided by Statute, cannot be considered. Hankins v. State, Tex.Cr.App., 294 S.W.2d 850 and Reynolds v. State, Tex.Cr.App., 306 S.W.2d 134.

The motion for rehearing is overruled.

Opinion approved by the Court.