M. V. SALYER v. STATE.

No. 29,739. June 18, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 15, 1958.

*James D. Crow,* Canadian, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the sale of beer in a dry area; the punishment, a fine of $100.

The statement of facts appearing in the record cannot be considered because it does not appear to have been filed with the clerk of the trial court, as required by Art. 759a, Vernon's A.C.C.P. Tucker v. State, 308 S.W. 2d 879.

By formal bill of exception appellant contends that both the complaint and the information based thereon are invalid, because Wm. J. Jackson had no authority as county attorney to take the complaint and administer the oath to the affiant for the reason that he had vacated the office of county attorney and was at said time the city attorney of the city of Canadian, Texas.

The jurat on the complaint shows that the complaint was sworn to by the affiant on August 29, 1957, before Wm. J. Jackson, County Attorney, Hemphill County, Texas. The bill shows that the appellant timely presented his exceptions in writing alleging that Wm. J. Jackson had no authority as county attorney to administer the oath to the affiant and attach the jurat to the complaint. By these exceptions appellant sought to attack, collaterally, the right of Wm. J. Jackson to hold the office of county attorney and to perform the duties of said office. He could not collaterally attack Jackson's authority as county attorney by a motion to quash the complaint and information. 15-A Texas Juris., 499, Sec. 14; Walker v. State, 146 Texas Cr. Rep. 138, 171 S.W. 2d 887; Cook v. State, 146 Texas Cr. Rep. 523, 176 S.W. 2d 941.

Error is urged because of a variance between the complaint and information in the matter of the date of the prohibition election. This contention cannot be sustained because the allegation relative to the date of said election was immaterial and not necessary to be alleged. Rowlett v. State, 156 Texas Cr. Rep. 44, 238 S.W. 2d 781; Toliver v. State, 158 Texas Cr. Rep. 223, 254 S.W. 2d 388.

In the absence of a statement of facts which can be con-

sidered, this court cannot pass upon appellant's contention that the evidence is insufficient to support the conviction; and likewise cannot appraise the exception to the court's charge or the action of the court in refusing the requested charges. Hughes v. State, 161 Texas Cr. Rep. 300, 276 S.W. 2d 813; Donley v. State, 165, Texas Cr. Rep, 650, 310 S.W. 2d 567.

Finding no reversible error the judgment of the trial court is affirmed.

Opinion approved by the Court.