Ellis A. REED, Appellant,

v.

The STATE of Texas, Appellee.

No. 36053.

Court of Criminal Appeals of Texas.

Nov. 6, 1963.

Rehearing Denied Dec. 18, 1963.

Second Rehearing Denied Jan. 15, 1964.

No attorney on appeal for appellant; Stone & Stone, by Wm. Emerson Stone, Jacksonville, on rehearing.

Paul B. Cox, County Atty., Rusk, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 339, Vernon's Ann.P.C., for unlawfully resisting arrest; the punishment, a fine of $250.

The statement of facts appearing in the record is not shown to have been filed with the clerk of the trial court as required by Art. 759a, Sec. 4, Vernon's Ann.C.C.P., and therefore cannot be considered as a part of the record on appeal. Hughes v. State, 161 Tex.Cr.R. 300, 276 S.W.2d 813; Salyer v. State, 166 Tex.Cr.R. 532, 316 S.W.2d 420.

The complaint and information charged, in substance, that the appellant did unlawfully resist his arrest, which was being made for a criminal offense for which an arrest could be made without warrant; that such arrest was attempted by a duly qualified deputy sheriff who was legally authorized to arrest appellant and was attempting to arrest him in a lawful manner.

No exception or motion to quash the complaint and information was filed by appellant.

By motion in arrest of judgment, appellant urged that the information was insufficient to support a conviction because it did not allege in any respect what action or conduct on his part would give rise to the authority of the officer to arrest without a warrant.

As heretofore shown, the complaint and information alleged, in substance, that appellant resisted his arrest attempted by the officer without a warrant, who was legally authorized to arrest appellant and was attempting to arrest him in a lawful manner.

While the state's pleadings should have alleged the facts showing that the attempted arrest without a warrant was authorized, the failure to so allege did not constitute such a substantial defect as would require the granting of appellant's motion in arrest of judgment. Such defect should have been pointed out to the court before the announcement of ready, by an exception duly filed or motion to quash the complaint and information.

The record presents no formal bills of exception and no brief has been filed on behalf of appellant.

A purported bill of exception filed in the cause to the court's action in rejecting certain testimony offered by appellant, under the certificate of the official court reporter, alone, cannot be considered.

The judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

We have now been furnished with an affidavit of the County Clerk of Cherokee County in which it is certified that the statement of facts was in fact delivered to her office and filed within the time provided by the statute. It is in narrative form and will be considered.

It was developed by various State witnesses that appellant drove to the home of Maizie Jowers in a highly intoxicated condition and there cursed and abused her, that she called the officers and that when they arrived, appellant violently resisted their efforts to place him under arrest. Appellant testified that he had been drinking, but denied that he resisted arrest.

 The jury chose to accept the testimony of the State's witnesses and reject that of appellant, and we find the evidence sufficient to support the conviction.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.