**Annie EALIM and Bennie Clark, Jr., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 38570.**

Court of Criminal Appeals of Texas.

Nov. 10, 1965.

On Motion to Reinstate Appeal
Dec. 15, 1965.

J. T. Maroney, Jr., Lufkin; William D. Winston and C. E. Brazil, Lufkin (on appeal), for appellants.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellants were convicted of burglary of a private residence at night with intent to commit theft. The punishment of each was assessed at five years confinement in the Texas Department of Corrections.

 The recognizance found in the record is not in compliance with Art. 817, Vernon's Ann.C.C.P. Among other things, it does not contain a provision that appellants are to abide the judgment of the Court of Criminal Appeals. For this Court to acquire jurisdiction of an appeal from a felony conviction, the bond or recognizance upon which the appellant was enlarged must bind him to abide the judgment of the Court of Criminal Appeals in the case appealed. Salter v. State, 159 Tex.Cr.R. 482, 264 S.W.2d 719 and cases there cited.

The appeal is dismissed.

### ON MOTION TO RE-INSTATE APPPEAL

By supplemental transcript, it is shown that appellants have properly entered into a recognizance in compliance with Article 817, V.A.C.C.P., and the record is properly before this Court for review. The appeal is re-instated.

An examination of the statement of facts does not disclose that it was ever filed with the clerk of the trial court as is required by Article 759a, V.A.C.C.P. The statement of facts therefore cannot be considered as a part of the appellate record. Reed v. State, Tex.Cr.App., 373 S.W.2d 687; Salyer v. State, 166 Tex.Cr.R. 532, 316 S.W.2d 420.

No formal bills of exception are contained in the transcript.

As all proceedings appear to be regular, the judgment is affirmed.