Larry Wayne MAHAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 60533.

Court of Criminal Appeals of Texas,
Panel No. 2.

April 25, 1979.

Rehearing Denied Oct. 3, 1979.

J. Michael Smith, Gilmer, for appellant.

James L. Chapman, Dist. Atty., and C. Stephen Hughes, Asst. Dist. Atty., Sulphur Springs, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

## OPINION

DOUGLAS, Judge.

Larry Wayne Mahan appeals his conviction for possession of more than four ounces of marihuana. Mahan pled guilty to the jury. Punishment was assessed by the jury at two years.

He contends that he should have been allowed to withdraw his announcement of ready and that the prosecutor made three separate improper jury arguments. The sufficiency of the evidence is not challenged.

Mahan contends that he should have been allowed to withdraw his announcement of ready because he was unfairly surprised by the State's introduction of over a pound of marihuana when he had been led to believe only slightly over four ounces would be introduced. On Friday, March 17, 1978, Mahan's attorney had a conversation with the district attorney which led him to believe that the State would introduce only slightly more than four ounces. The district attorney furnished the defense attorney with a lab report showing over a pound had been seized. During the weekend, defense counsel prepared a suppression motion challenging the search of the entire quantity of marihuana. On Monday, March 20, 1978, at the pretrial hearing, it became obvious that the State intended to introduce the full amount of marihuana. The defense moved to withdraw its announcement of ready. The court found that the defense was aware of the amount of marihuana since at least the previous Friday and refused to allow them to withdraw their announcement. The court then conducted a hearing on the motion to suppress which was denied. A jury was selected and trial had the following day.

The decision not to allow a withdrawal of an announcement of ready is reviewable by an abuse of discretion standard. *Cooper v. State*, 509 S.W.2d 565 (Tex.Cr.App.1974); *Guerrero v. State,* 487 S.W.2d 729 (Tex.Cr.App.1972). The record indicates that the defense was aware of the full amount of marihuana and had prepared an appropriate motion to suppress. Trial was not had until the following day. Appellant has not indicated any specific harm. Under these circumstances, no abuse of discretion is shown.

Complaint is made of the following argument:

"   .   .   And he wants you to sort of pat him on the back. Give him probation. Let him go out the door. I don't think that's what the members of our community want. I don't think that's what they believe. I don't believe they think that's what should happen."

No objection was made. Nothing is presented for review.

■ Mahan's final two contentions concern jury argument which he contends indicated there was another offense the State could not charge him with and that he was involved in selling marihuana. The complained of argument went as follows:

> "Mr. Old got up and said the one word that I had been dying to say. He said that we were trying to infer that this man was selling it. Well, I'll tell you what. You use your common sense at all this dope. I think it speaks for itself. I know what I think. I know what I've heard from the evidence.
>
> "MR. OLD: Your Honor, I'm going to object. He is trying to change the charge. I'd like to take a Bill.
>
> "THE COURT: Well, I'll overrule that objection.
>
> "MR. COX: I wish I could change it.
>
> "MR. OLD: Your Honor, now that was improper. I'm going to ask that be stricken.
>
> "THE COURT: Sustain the objection. Stay in the record.
>
> "MR. COX: Y'all look at the evidence. Y'all look at the evidence. Y'all see the amount."

Mahan's argument concerning the prosecutor's allusion to another offense is based on the sidebar remark made after the court's initial ruling. No adverse ruling was obtained by appellant. Taken in context, while the sidebar remark was clearly improper, it does not appear that it implied any additional information that was being withheld from the jury. The court's ruling was sufficient to cure the error, if any.

■ The remarks concerning the sale of marihuana were a response to an earlier argument made by defense counsel. Defense counsel had earlier argued:

> "I told you the first time I spoke to you Mr. Mahan would plead guilty because he is guilty. What he is guilty of is possession of more than four ounces of marijuana. He doesn't deny that. That is all he is guilty of. Somewhere in the back of your mind Mr. Cox is trying to work this selling business in and this man is not being tried for selling. He is being tried for possession only."

Mahan was being tried for possession. His attorney's argument explicitly stated that possession was all he was guilty of. The evidence indicated an amount of marihuana beyond what would normally be associated with personal use. In view of the defense counsel's assertion and the evidence, it was proper for the State to ask the jury to consider for itself, based on the evidence, if defense counsel's statement was justified.

There is no reversible error. The judgment is affirmed.

ROBERTS, Judge, dissenting.

The majority opinion says the prosecutor's argument was proper because the evidence indicated the appellant had more marihuana than he could use personally. The majority does not detail the evidence. In the dining room closet the appellant had three brown paper bags containing a total of 4.69 ounces of marihuana. An ashtray held cigarette butts containing another 0.11 ounces. Growing in a two-foot by six-foot flower bed were 144 marihuana plants bearing leaves which weighed 22.4 ounces.

The majority opinion says that the prosecutor was responding properly to the appellant's argument. As the quoted argument of appellant's counsel states, the prosecutor opened the subject of selling. Again the majority fails to reveal the record, which begins with the cross-examination of the appellant:

> "Q. Defendant Mahan, are you asking this jury to believe that you grew all this for your own personal use?
>
> "A. Yes, sir, I sure am.
>
> "Q. And you are going to smoke all this all by yourself?
>
> "A. In a period of a couple years, yes, sir, I figured I would probably use that much.

*     *     *     *     *     *

"Q. Why would you grow so much marijuana? Did you ever give any to your friends?

"A. No, never.

"Q. Did you ever sell any to your friends?

"A. No, never.

"Q. Just had this big bag all for yourself?

"A. That big bag is not so large, really, I don't think. Yes, sir, it was for myself. I'm sorry.

   \*     \*     \*     \*     \*     \*

"Q. You want this jury to believe that you grew all that marijuana for just ol' Larry; is that right?

"A. That's correct. That is fact.

"MR. COX: We pass the witness."

The prosecutor continued this theme in his first argument:

"This was a bunch of marijuana. This was a lot of marijuana being cultivated in the Defendant's backyard. We heard testimony the marijuana was throughout the house. \* \* \* I'll let you draw from your own conclusions the amount. [sic] You know, I find it awful hard to believe that this was grown for one person."

Only after all this were the arguments made which are quoted by the majority. It was the appellant who was responding to the prosecutor's argument, not vice versa. The prosecutor seemed to think that the appellant had "opened the door," but in fact the prosecutor had been trying to open it himself; his argument was not a proper reply.

The prosecutor's argument had another vice. The remark, "I know what I think," constituted improper testimony by the prosecutor.

The majority concedes that the prosecutor's sidebar remark was improper, but it pretends that we can ignore the prejudicial effect because "no adverse ruling was obtained" and the trial court's ruling, "Sustain the objection," cured the error. Sometimes this Court is too much concerned with magic words and too little concerned with whether an appellant had a fair trial. The prosecutor implied throughout this trial that the appellant was a marihuana seller when there was no evidence of it and no charge of it. The prosecutor also improperly opposed probation because of community expectations. The appellant should have a new trial.