**Affirmed and Opinion Filed January 12, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00411-CR

**TEDDIE WILLIAMSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1050574-V**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Bridges

On August 22, 2014, appellant Teddie Williamson was placed on deferred adjudication community supervision for three years, with a $500 fine, for possession of a controlled substance in the amount of less than one gram. The State later moved to adjudicate guilt based on six violations of the deferred adjudication order.[1] Appellant pleaded true to the violations, and the trial court sentenced him to 180 days' confinement. In his first issue, appellant contends the trial court abused its discretion and committed fundamental and structural error by exhibiting bias and acting as an adversarial advocate in favor of the State. In his second and third issues, he argues the trial court erred by violating his statutory and common law rights to allocution. We affirm.

---

[1] These violations included failing to (1) report to his community supervision officer as directed, (2) pay fees as directed, (3) participate in drug and alcohol evaluation and/or treatment, and (4) complete community supervision hours.

**Judicial Bias**

In his first issue, appellant argues the trial court violated his due process rights and committed fundamental and structural error by exhibiting bias and acting as an adversarial advocate in favor of the State when it called the VA hospital to inquire about his employment status. The State responds the trial court's actions did not result in any bias or prejudice against appellant.

Appellant testified during the revocation hearing. He explained he failed to report to the community supervision office because he was teaching special education classes in Austin. The school district later suspended his certification because of his offense and "everything else [was] like a triple affect coming down from there."

He told the trial judge he was back on his feet and obtained other employment. He worked part-time at both the Department of Veteran Affairs in Waco and at a church. He explained he would lose his job at the VA if he spent 180 days in jail because he was "not service connected" and "would be considered AWOL." He hoped for a second chance because he lost his first good job and did not want it to happen a second time.

The court asked, "What else do you want me to know?" Appellant said if given the opportunity, he "would not let you down. This will not happen again." He emphasized this was his first time to be put on probation. However, he admitted he was also on probation in Fort Bend County for a separate possession charge. When the court asked if the State had filed a motion to revoke in Fort Bend County, he responded, "I have a hold in Fort Bend."

The court asked for the name and phone number of his supervisors at the VA. The record indicates the trial judge tried to call and verify his employment at the VA but no one answered. Appellant then said, "I have another job besides that one, if you want to call my second job." The trial judge responded, "I think we've done all we can to try to figure this out." After the

–2–

exchange, both sides rested and closed without further discussion. The court then revoked his order deferring adjudication, found him guilty, and sentenced him to 180 days' confinement.

"In the Texas adversarial system, the judge is a neutral arbiter between advocates . . . he is not involved in the fray." *Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003). Due process requires a neutral and detached judge preside over a revocation hearing. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). However, a neutral and detached hearing officer is not synonymous with a silent observer. *Hill v. State*, No. 05-14-01445-CR, 2016 WL 1554932, *2 n.3 (Tex. App.—Dallas Apr. 14, 2016, no pet.) (mem. op., not designated for publication). "This is especially true where the judge is charged with developing facts to inform his exercise of discretion." *Id*. (citing *Marshall v. State*, 297 S.W.2d 135, 136–37 (Tex. Crim. App. 1956)). Absent a clear showing of bias, we presume that a judge acted as a neutral and detached hearing officer. *Brumit*, 206 S.W.3d at 645.

The term "bias" and "prejudice" do not include all unfavorable rulings towards an individual, but instead must "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess." *McDaniel v. State*, No. 05-15-01086-CR, 2016 WL 7473902, at *4 (Tex. App.—Dallas Dec. 29, 2016, pet. ref'd) (mem. op., not designated for publication). Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id*. Further, bias almost never can be shown based solely on the judge's rulings in a case. *See Charboneau v. State*, No. 05-13-00340-CR, 2014 WL 7476392, at *4 (Tex. App.—Dallas Dec. 30, 2014, no pet.) (mem. op., not designated for publication) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required to establish bias")). "Expressions of impatience,

–3–

dissatisfaction, annoyance, and even anger" in the ordinary conduct of court administration does not establish bias. *Liteky*, 510 U.S. at 555–56. Rather, judicial remarks during the course of a trial will support a bias or partiality challenge if "they display a deep-seated favoritism or antagonism that would make a fair judgment impossible." *Id*. at 555.

After reviewing the record, we conclude the trial court did not display bias or prejudice towards appellant thereby establishing a detachment from his role as a neutral and detached hearing officer. Initially, we note this was a revocation hearing; therefore, there were no concerns about the potential impact the judge's comments may have had on a jury. *See, e.g., Peterson v. State*, No. 05-12-01417-CR, 2013 WL 5776287, at *3 (Tex. App.—Dallas Oct. 24, 2013, no pet.) (mem. op., not designated for publication). The record does not indicate the trial judge predetermined his sentence. In fact, the trial court imposed the minimum sentence for a state jail felony, indicating the trial court took leniency on appellant rather than imposing a harsher sentence despite appellant violating his community supervision requirements.

Further, a judge is permitted to directly question a witness, including a defendant, when seeking information to clarify a point. *Conner v. State*, No. 05-15-01004-CR, 2016 WL 3144180, at *2 (Tex. App.—Dallas June 2, 2016, no pet.) (mem. op., not designated for publication). The trial judge questioned appellant about his employment. However, the record indicates the trial court also attempted to call and verify appellant's employment with the VA, which was an attempt to obtain extrajudicial information. But, the trial court said he was unable to reach anyone. Therefore, the record indicates the judge did not obtain any "knowledge that the subject ought not to possess." *See McDaniel*, 2016 WL 7473902, at *4. As such, we cannot conclude the trial court's sentence was based on extrajudicial information, indicating "such a high degree of antagonism to make a fair judgment impossible." *Liteky*, 510 U.S. at 555; *see*

*Conner*, 2016 WL 3144180, at \*2 ("Without evidence in the record that the judge improperly considered an extrajudicial source, we cannot conclude the judge's actions were improper.").

In reaching this conclusion, we are unpersuaded by appellant's reliance on *Taylor v. State*, No. 05-13-01369-CR, 2014 WL 7476393 (Tex. App.—Dallas Dec. 30, 2014, no pet.) (not designated for publication). In that case, the defendant and his wife testified during his revocation hearing that he had been gainfully employed and changed his life by assuming responsibility for his family. *Id*. at \*3. He submitted a letter of employment supporting his claim, which was "pivotal to his plea for mercy." *Id*. The trial court called the employer and learned the defendant had been fired. *Id*. After making the phone call and returning from a recess, "the trial court appeared to be angry and expressed an unwillingness to continue the proceedings to allow defense counsel to subpoena the witness with whom the trial court had spoken." *Id*. We concluded these were not the actions of an unbiased judicial officer, and the defendant was deprived of his due process rights and entitled to a new punishment hearing. *Id*.

Here, although the trial judge attempted to verify employment, he admitted he was unable to do so. The record does not indicate the trial judge thought appellant was lying or that he returned angry or with any unwillingness to continue the proceeding. Rather, the judge asked both sides if they had "anything else," and both said no. Thus, we cannot conclude the trial judge's actions overcome the presumption he acted as a neutral and detached hearing officer. *Brumit*, 206 S.W.3d at 645. We overrule appellant's first issue.

### Allocution

In his second issue, appellant argues the trial court violated his statutory right to allocution. The State concedes the trial court erred, but argues appellant has not shown harm under Texas Rule of Appellate Procedure 44.2(b).

"Allocution" refers to a trial judge's asking a criminal defendant to "speak in mitigation of the sentence to be imposed." *Eisen v. State*, 40 S.W.3d 628, 631–32 (Tex. App.—Waco, 2001, pet.ref'd) (quoting A Dictionary of Modern Legal Usage 44–45 (Bryan A. Garner ed., 2d ed., Oxford 1995)).  Article 42.07 sets out the procedural rule implementing allocution.  TEX. CODE CRIM. PROC. ANN. art. 42.07.  It requires a defendant be asked whether he has anything to say about why the sentence should not be pronounced against him.  It limits a defendant's response to three reasons to prevent imposition of sentence: that he (1) has received a pardon; (2) is incompetent to stand trial; and (3) is not the person convicted.  *Id.*; *Brown v. State*, No. 05-07-00816-CR, 2008 WL 1810315, at *4 (Tex. App.—Dallas Apr. 23, 2008, no pet.).

Appellant has not claimed that the three reasons articulated in article 42.07 apply to him or that he was harmed in any other way by the trial court's error.  Rather, the record reflects appellant had the right to present evidence at his revocation hearing supporting his mitigation request.  Appellant took the stand and defense counsel said, "Please tell the judge what you believe should be the right thing to happen to you."  Appellant asked "to be reinstated on probation."  He testified he was employed and if given another chance, he would not let the court down.  He attempted to show responsibility by explaining he was taking annual leave from his job to be present at the hearing.  After appellant testified, the trial court asked defense counsel if it had anything else to which counsel answered, "No, judge."  Thus, the record indicates appellant was given the opportunity to "speak in mitigation of the sentence to be imposed." *Eisen*, 40 S.W.3d at 632.  Further, appellant has not indicated what additional mitigating evidence he would have raised if given the opportunity to address the trial court free from cross-examination.  Accordingly, appellant was not harmed by the trial court's error. *See, e.g., Garcia v. State*, No. 13-10-00281-CR, 2010 WL 4156458, at *3 (Tex. App.—Corpus Christi Oct. 21, 2010, pet. ref'd) (mem. op., not designated for publication); TEX. R. APP. P. 44.2(b) (any non-

constitutional error that does not affect substantial rights must be disregarded). Appellant's second issue is overruled.

In his final issue, appellant argues the trial court violated his common law right to allocution. We have previously questioned whether Texas recognizes a common law right to allocution. *See Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 fn.4 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication). Regardless, as explained above, appellant has failed to show any harm from the trial court's alleged error. TEX. R. APP. P. 44.2(b); *see also Amaya v. State*, No. 05-16-00309-CR, 2017 WL 85421, at *3 (Tex. App.—Dallas Jan. 10, 2017, no pet.) (mem. op., not designated for publication) (assuming common law right to allocution argument was preserved, record indicated appellant offered evidence in mitigation of punishment and had opportunity to tell court what he thought was relevant to sentencing). We overrule appellant's final issue.

## Conclusion

The judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170411F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEDDIE WILLIAMSON, Appellant

No. 05-17-00411-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1050574-V.
Opinion delivered by Justice Bridges.
Justices Myers and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 12, 2018.