**Modify and affirm as modified; Opinion Filed October 8, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01265-CR

### KENNY MARKELL MITCHELL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1363220-R**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Stoddart

A jury convicted Kenny Markell Mitchell of aggravated robbery and sentenced him to fifty years' incarceration. In two issues, appellant argues the evidence is insufficient and the trial court abused its discretion by acting as an adversarial advocate against appellant. In a single cross-issue, the State requests we modify the judgment to correctly reflect appellant pleaded true to the enhancement paragraph and the jury found it true. We modify the trial court's judgment and affirm as modified.

FACTUAL BACKGROUND

On December 8, 2013, the complainant, Jose Hernandez,[1] drove to his brother Roberto Hernandez's house. Another brother, Alejandro Hernandez, was standing outside of Roberto's

---

[1] Because numerous witnesses share a surname, we refer to them by their first names.

house when Jose arrived. Jose parked on the street in front of Roberto's home and noticed a black Ford truck approaching. The truck stopped and the driver asked Jose for directions, but he was unable to provide them. The driver parked the truck in front of Roberto's house and two tall, thin men, both dressed in black, got out and walked toward Jose. Jose assumed they were lost and looking for an address. The man who had been in the passenger seat grabbed Jose around his shoulders "very hard" and demanded Jose's wallet, which Jose gave to him. The man who had been driving pulled up his shirt, removed a gun, hit Jose across the cheek with it, and took the keys to Jose's truck. The men left, but Jose did not see which man was driving.

Alejandro saw a dark-colored (blue or black) F-150 truck driving fast on the street before stopping in front of Roberto's house. Alejandro described the occupants as thin black men. Alejandro testified: "they came very quickly. They took his wallet, they beat him up, and they took his keys, and then they left." Jose told Alejandro: "They asked me some questions and they took my wallet." On cross-examination, Alejandro conceded he did not see the robbery or the suspects and knew they were black men because Jose told him.

Alejandro got into his truck and "left right away" to follow the men. He followed their truck for approximately seven minutes. While driving, he called the police and provided their license plate number. Alejandro testified he was driving immediately behind the truck until it reached Buckner Boulevard except for a brief time when he was separated from the truck by two cars. He never lost sight of the truck. Alejandro testified he was able to see the truck the entire time from when it left Roberto's house until it stopped at Shell gas station at the intersection of Buckner Boulevard and U.S. Highway 175. Alejandro testified: "I followed them from the time they left the house." The State showed pictures of a truck to Alejandro and he confirmed the pictures were of the truck he followed.

Sergeant Chad Quinlan of the Dallas Police Department was notified about a robbery on December 8, 2013. The person who called 911 reported the suspect was driving a black Ford F-150 and provided a license plate number. Responding to the call, Quinlan exited Highway 175 and saw a black Ford F-150 at a Shell gas station. He stopped at the station to see if it was the same vehicle. The license plate matched the number he was given. Quinlan stated the truck was parked, appellant was outside the vehicle pumping gas, and another person was in the driver's seat with the door open and his feet outside the door. Quinlan positioned his squad car directly behind the truck and turned on the emergency lights. Appellant had a "deer in the headlights look" before he "immediately took off on foot" running. The other man, later identified as Travis Jackson, fled in the opposite direction. Quinlan followed Jackson and apprehended him.

Officer John Tiliacos of the Dallas Police Department responded to a call on December 8, 2013. When he arrived at the Shell gas station, he saw a black male running with Quinlan in pursuit. Intending to assist Quinlan, Tiliacos parked his car. He then saw a second black male, appellant, sprinting into a field. Tiliacos pursued appellant. Appellant ran through the field, up an embankment, on to and across Highway 175, a six-lane highway, and down the embankment on the other side where he was apprehended. During the chase, Tiliacos was in full police uniform and yelling at appellant to stop, but he did not do so. Tiliacos searched appellant. Appellant was not carrying a gun.

Inside the truck, officers found a black pistol, ski mask, wallet, and cell phone. The gun was located between the truck's console and the driver's seat. When shown a picture of the wallet inside of the truck, Jose confirmed it was his. The police returned Jose's wallet to him about two hours after the robbery.

LAW & ANALYSIS

**A.      Sufficiency of the Evidence**

In his first issue, appellant argues the evidence is insufficient to show his identity and awareness of the use of a deadly weapon during the robbery.  We review a challenge to the sufficiency of the evidence in a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014).  Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011).  This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Id.*  Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.  *Id.*  When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination.  *Id.*  Direct and circumstantial evidence are treated equally: circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.  *Id.*

Appellant was convicted of aggravated robbery with a firearm, a deadly weapon.  The jury was charged that appellant could be found guilty of aggravated robbery as a principal or as a party to the offense.  *See* TEX. PENAL CODE ANN. § 7.01(a); *see also Sorto v. State*, 173 S.W.3d 469, 472 (Tex. Crim. App. 2005) (where trial court's charge authorized jury to convict on alternative theories, verdict of guilt will be upheld if evidence was sufficient on any one of the theories); *Williams v. State*, No. 05-14-00790-CR, 2016 WL 355115, at *6 (Tex. App.—Dallas Jan. 28, 2016,

no pet.) (mem. op., not designated for publication). A person is responsible for the criminal conduct of another person if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2). When a party is not a "primary actor," the State must prove conduct constituting an offense plus an act by the defendant done with the intent to promote or assist such conduct. *Williams*, 2016 WL 355115, at \*6 (citing *Beier v. State*, 687 S.W.2d 2, 3 (Tex. Crim. App. 1985)). The jury may consider "events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996); *see also Williams*, 2016 WL 355115, at \*6. "Since an agreement between parties to act together in a common design can seldom be proved by words, the State often must rely on the actions of the parties, shown by direct or circumstantial evidence, to establish an understanding or common design to commit the offense." *Williams*, 2016 WL 355115, at \*6 (quoting *Miller v. State*, 83 S.W.3d 308, 314 (Tex. App.—Austin 2002, pet. ref'd)). Circumstantial evidence may suffice to show the defendant is a party to the offense. *Gross v. State*, 380 S.W.3d 181, 186 (Tex. Crim. App. 2012); *Ransom*, 920 S.W.2d at 302; *Miller*, 83 S.W.3d at 314. Evidence is sufficient to convict under the law of parties where the defendant is physically present at the commission of the offense and encourages its commission by words or other agreement. *Ransom*, 920 S.W.2d at 302. Mere presence of an accused at the scene of an offense is not alone sufficient to support a conviction under penal code section 7.02(a)(2); "however, it is a circumstance tending to prove guilt which, combined with other facts, may suffice to show that the accused was a participant." *Williams*, 2016 WL 355115, at \*6 (quoting *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g)). "[W]hile flight alone will not support a guilty verdict, evidence

of flight from the scene of a crime is a circumstance from which an inference of guilt may be drawn." *Id*. (quoting *Valdez*, 623 S.W.2d at 321).

"With respect to party liability for the use or exhibition of a deadly weapon as an element of aggravated robbery, there must be evidence that the defendant not only participated in the robbery before, while, or after a deadly weapon was displayed, but did so while being aware that the deadly weapon would be, was being, or had been used or exhibited during the offense." *Id.* at *7 (quoting *Boston v. State*, 373 S.W.3d 832, 839 n.7 (Tex. App.—Austin 2012), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App. 2013)). Our sufficiency review is not limited to evidence that the defendant knew in advance the deadly weapon would be used or exhibited during the robbery. *Id.* Rather, "the pertinent question is whether there is evidence [the defendant] not only participated in the robbery before, while, or after a deadly weapon was displayed, but did so while being aware that the deadly weapon would be, was being, or had been used or exhibited during the offense." *Id.*

The evidence shows two men exited the truck. One man grabbed Jose around the shoulders and took his wallet while the other hit Jose with a gun and took his keys. Alejandro followed the truck and provided its license plate number to police. Quinlan identified the truck with the matching license plate number and, when he approached the two men in the truck, they both fled. Appellant, being chased by Tiliacos who was in his police uniform and yelling at appellant to stop, ran across a six-lane highway in his attempt to flee. *See Williams v. State*, No. 05-17-00158-CR, 2018 WL 897903, at *2 (Tex. App.—Dallas Feb. 15, 2018, no pet.) (mem. op., not designated for publication) ("Evidence of flight is admissible to evince a consciousness of guilt."). The police then found a loaded gun and Jose's wallet in the truck. Although neither Jose nor Alejandro could identify which man performed which acts, the evidence is sufficient to support the jury's determination that appellant was guilty as either a principal or a party.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational jury could have found beyond a reasonable doubt that appellant participated in the robbery before, while, or after a deadly weapon was displayed and was aware that a deadly weapon would be, was being, or had been exhibited during the offense. We also conclude the evidence is sufficient to support the jury's verdict. We overrule appellant's first issue.

## B.    Voir Dire

In his second issue, appellant argues the trial court violated his due process rights and committed fundamental and structural error by exhibiting bias and acting as an adversarial advocate in favor of the State. During voir dire, counsel for the State discussed which types of evidence are considered circumstantial evidence and the use of circumstantial evidence at trial. The State asked the venire whether anyone had concerns about circumstantial evidence and believed only direct evidence was convincing. A few jurors expressed opinions that they could not convict a person based only on circumstantial evidence or would need some direct evidence as well. The trial court stated:

> The Court:    Let me interrupt real quick. And let me just make sure everybody understands. You guys understand that while circumstantial evidence gets a bad rap on TV, that that's like DNA or fingerprints. That's circumstantial evidence, okay? It's scientific evidence. I want to make sure everybody understands what circumstantial evidence is.
> Go ahead.
> [Prosecutor]:   Thank you, Your Honor.
> [Appellant's Counsel]: I'm going to have to object to that because it's not always scientific - -
> The Court: Well it could be.
> [Appellant's Counsel]: It could be.
> The Court: That's correct.

Voir dire continued.

Although appellant raised an objection to the trial court's comments, he did not raise his current complaint at trial. However, he argues no objection was required because the judge's comments and actions constituted fundamental structural error. *See Blue v. State*, 41 S.W.3d 129,

131 (Tex. Crim. App. 2000) (plurality op.); *see also* TEX. R. EVID. 103(e) ("In criminal cases, a court may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved."); *McDaniel v. State*, No. 05-15-01086-CR, 2016 WL 7473902, at *2 (Tex. App.—Dallas Dec. 29, 2016, pet. ref'd). The State maintains the trial court's comment was not improper and, even if it was improper, the statement does not reflect the trial court acting as an advocate against appellant

Assuming without deciding that appellant was not required to object at trial to the judge's statement to raise his complaint on appeal, we conclude there was no error. "In the Texas adversarial system, the judge is a neutral arbiter between advocates . . . he is not involved in the fray." *Brown v State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003); *Gale v. State*, No. 05-17-00592-CR, 2018 WL 3434511, at *4 (Tex. App.—Dallas July 17, 2018, pet. ref'd) (mem. op., not designated for publication). Due process requires a neutral and detached judge. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)); *Gale*, 2018 WL 3434511, at *4. However, a "neutral and detached" judge is not synonymous with a silent observer. *Marshall v. State*, 297 S.W.2d 135, 136–37 (Tex. Crim. App. 1956). Trial courts may intervene in voir dire examinations "for purposes of clarification and expedition," and the trial court's comments during voir dire do not constitute reversible error unless the comments "are reasonably calculated to benefit the State or prejudice the defendant's rights...." *Thomas v. State*, 470 S.W.3d 577, 596 (Tex. App.—Houston [1st Dist.] 2015) (quoting *Gardner v. State*, 733 S.W.2d 195, 210 (Tex. Crim. App. 1987)). A judge must not (1) have an actual bias against the defendant, (2) have an interest in the outcome of the case, or (3) assume the prosecutor's role. *Gale*, 2018 WL 3434511, at *4 (citing *Avilez v. State*, 333 S.W.3d 661, 673 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Luu v. State*, 440 S.W.3d 123, 128 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("A judge should not act as an advocate or adversary for any

party.")). Generally, we will not find a due process violation absent a "clear showing of bias" by the trial judge. *Brumit*, 206 S.W.3d at 645; *Gale*, 2018 WL 3434511, at *4.

Based on this record, appellant has not made a clear showing of bias by the trial judge. Rather, the judge intervened to clarify a legal point and the comment was not reasonably calculated to benefit the State or prejudice appellant's rights. *See id.* The complained-of comment does not reflect that the judge became an advocate, lost his ability to remain neutral and detached, or was clearly biased. *See Brumit*, 206 S.W.3d at 645; *Moreno*, 900 S.W.2d at 359–60; *Gale*, 2018 WL 3434511, at *4. We overrule appellant's second issue.

### C.    Modification of the Judgment

In a single issue, the State requests we modify the judgment to correctly reflect appellant pleaded true to the enhancement paragraph in the indictment and the jury found it true. The judgment erroneously shows "N/A" as appellant's plea to the first enhancement paragraph and "N/A" as the finding on the first enhancement paragraph. Accordingly, we modify the judgment to show appellant pleaded true to the first enhancement paragraph and the jury found it to be true. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.).

We modify the judgment and affirm as modified.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
171265F.U05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNY MARKELL MITCHELL, Appellant

No. 05-17-01265-CR　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1363220-R.
Opinion delivered by Justice Stoddart. Justices Whitehill and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We DELETE the term "N/A" under the heading "Plea to 1st Enhancement Paragraph" and REPLACE it with the word "True."
We DELETE the term "N/A" under the heading "Findings on 1st Enhancement Paragraph" and REPLACE it with the word "True."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 8th day of October, 2018.