**Affirmed as modified; Opinion Filed October 22, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01149-CR

**NICKY DON SEELY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F15-14091-Y**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Myers

Appellant was convicted in a trial before the court of continuous sexual abuse of a child under the age of fourteen and sentenced to twenty-seven years' imprisonment. In two issues, appellant contends the trial court assumed the role of advocate and violated appellant's due process rights by briefly questioning one of the State's witnesses, and that the court's written judgment contains an error that should be corrected on appeal. As modified, we affirm.

### DISCUSSION

In his first issue, appellant argues the trial court abused its discretion and committed reversible error of a fundamental and structural nature by having been biased against appellant and conducting itself as an advocate against appellant. The complained-of error occurred when the trial court questioned one of the State's witnesses, a therapist who examined the complainant,

regarding whether she noted any inconsistencies in the complainant's statements or saw any "red flags" that might suggest someone had coached the complainant.

Due process requires a neutral and detached judge. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). But a "neutral and detached" hearing officer is not synonymous with a silent observer. *Marshall v. State*, 297 S.W.2d 135, 136–37 (Tex. Crim. App. 1956). A trial court is permitted to directly question witnesses, including a defendant, when seeking information to clarify a point. *See Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim. App. 1978); *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.—Texarkana 1995, no pet.); *White v. State*, No. 05–17–00397–CR, 2018 WL 1940515, at *1 (Tex. App.—Dallas Apr. 25, 2018, pet. filed) (mem. op., not designated for publication). In doing so, however, the trial court must not go beyond permissible questioning by (1) conveying its opinion of the case to the jury and ultimately influencing their decision, or (2) in the zeal of active participation, becoming an advocate in the adversarial process and losing the neutral and detached role required for the factfinder and the judge. *Moreno*, 900 S.W.2d at 359; *White*, 2018 WL 1940515, at *3. In a bench trial, the trial court has more latitude than in a jury trial to question witnesses to obtain information to assist in the fact-finding process. *See Moreno*, 900 S.W.2d at 359–60 (concluding that, in bench trial, the trial court may ask questions an advocate might ask in order to assist in fact-finding process); *see also Marshall*, 297 S.W.2d at 136–37 (in bench trial, trial court could question witness in order to obtain a clearer idea of merits of case); *White*, 2018 WL 1940515, at *3. Although not favored, even extensive and adversarial questioning by a trial court is permissible in a bench trial as long as the questions are relevant to the issues before the court and the court's impartiality is not affected. *See Guin v. State*, 209 S.W.3d 682, 686–87 (Tex. App.—Texarkana 2006, no pet.); *White*, 2018 WL 1940515, at *3.

The trial in this case was to the bench, so there was no danger of the trial court's questions

influencing a jury. Thus, only the second consideration is implicated—i.e., whether in the zeal of active participation the court became an advocate in the adversarial process and lost the neutral and detached role required for a judge. *See Moreno*, 900 S.W.2d at 359. According to the record, the last witness called during the State's case-in-chief was Hailey Brady, a therapist with the Dallas Children's Advocacy Center who had treated the complainant. After both sides indicated they had completed their examinations of this witness, the trial court examined her as follows:

> THE COURT: Ma'am, you said that it's not your job to question whether the client's truthful, but you do explore inconsistent statements.
>
> THE WITNESS: Yes.
>
> THE COURT: Did you have any inconsistent statements to explore with her?
>
> THE WITNESS: With this case, I did not come into the process before the trauma narrative so it was not my job with this case to go through the inconsistent statements, that was the job of the previous therapist.
>
> THE COURT: But during your sessions with her, did you run across any inconsistencies in her narrative?
>
> THE WITNESS: Not that I recall.
>
> THE COURT: Did you see any red flags to indicate she might have been coached?
>
> THE WITNESS: I did not get that impression.
>
> THE COURT: Any red flags at all?
>
> THE WITNESS: No.

Appellant argues that by questioning the witness after both sides had completed their examination, the trial court abandoned its neutral status and took up the role of advocate, thereby violating appellant's due process rights.

Appellant did not preserve this complaint via a timely objection in the trial court. As a prerequisite to presenting a complaint for appellate review, the record must generally show the same complaint was made to the trial court by a timely request, objection, or motion and that the trial court either ruled on the request, objection, or motion or, if the court refused to rule, that the

complaining party objected to the court's refusal. TEX. R. APP. P. 33.1 (a)(1), (2). There are some exceptions to this general rule, however. In *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997), the Texas Court of Criminal Appeals set out three types of rules for error preservation: (1) absolute systemic requirements and prohibitions, (2) rights that must be implemented unless expressly waived, and (3) rights that are implemented upon request. *Id*. at 279. The requirements of rule 33.1 as a prerequisite to appellate review only apply in cases that involve *Marin* category 3 rights, i.e., rights that must be implemented upon request, objection or motion. *Id*. Category 1 and category 2 errors may be addressed on appeal regardless of whether a trial level objection is made. *Id*. Texas courts have recognized that a request, objection or motion is not required in situations where the complained of action was uniquely within the purview of the trial court. *See Proenza v. State*, 541 S.W.3d 786, 801 (Tex. Crim. App. 2017) (claim on appeal that trial court's comments were improper and violated TEX. CODE CRIM. PROC. ANN. art 38.05 was not subject to forfeiture by inaction; "the right to be tried in a proceeding devoid of improper judicial commentary is at least a category-two, waiver only right" under *Marin*); *White*, 2018 WL 1940515, at *2 (citing *Proenza* and assuming, without deciding, that appellant did not need to object to preserve error regarding trial court's questioning of appellant or any other witness). Therefore, we will assume, without deciding, that appellant need not have objected in order to preserve error, and we will address the merits of appellant's complaint.

The record supports the conclusion that the trial court was merely clarifying a subject the defense had raised on cross-examination. Shortly before the complained-of questioning by the court, the defense cross-examined Brady about her role in identifying inconsistencies in her patients' statements. On cross-examination, Brady testified that it was not her job to determine whether a child was telling the truth. Her job was simply to take the information provided by the

–4–

child, and to help the child process it and move forward. Brady also testified that if she noticed inconsistencies in the child's statements, she would "ask about that so we can process through those." She added that inconsistencies would not necessarily mean the child was not telling the truth; there could be a number of reasons for inconsistencies.

Additionally, the record does not support appellant's assertion that the State "follow[ed] the trail blazed by the trial court's questioning" to develop more information on this issue. Indeed, the record shows that the State initially declined an opportunity to further examine Brady after the court questioned her, and that the State's subsequent redirect was not in response to the court's questions, but rather to the defense's continued cross-examination. Defense counsel's continued cross-examination elicited a concession from Brady that when the complainant began meeting with her, the complainant had already seen four other therapists and "was pretty well entrenched in her version of the events." In response, the State then asked Brady whether she reviewed the records of the prior therapists or remembered any inconsistencies in the complainant's statements to those therapists. The complained-of questions by the trial court, on the other hand, pertained to inconsistencies and "red flags" that arose during Brady's therapy sessions and did not concern what she observed in the records of the complainant's other therapists. We overrule appellant's first issue.

In his second issue, appellant argues the trial court's written judgment is incorrect because it states that the proceeding below was an open plea. In fact, the record shows appellant pleaded "not guilty" to the charged offense and that there was no plea agreement.

Where the record contains the necessary information to do so, we have the authority to modify the incorrect judgment. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd). "An appellate court has the power to correct and reform a trial court judgment 'to make the record

–5–

speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 526 (Tex. App.—Dallas 1991, pet. ref'd)).  Because the record contains the necessary information for us to do so, we will sustain appellant's second issue and modify the written judgment to delete the "open plea" entry under the heading "Terms of Plea Bargain."

As modified, we affirm the trial court's judgment.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. 47.2(b)
171149FU05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICKY DON SEELY, Appellant

No. 05-17-01149-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F15-14091-Y.
Opinion delivered by Justice Myers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"Terms of Plea Bargain: OPEN PLEA" should be changed to "Terms of Plea Bargain: N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 22nd day of October, 2018.