**AFFIRMED as MODIFIED and Opinion Filed April 21, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00786-CR**
**No. 05-19-00788-CR**

**JERYL PATRICK GRAVES, JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-76631-P & F17-76630-P**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III and Goldstein
Opinion by Justice Goldstein

These are appeals from convictions for two aggravated sexual assaults. We affirm the judgments as modified.

Jeryl Patrick Graves, Jr. was indicted for two aggravated sexual assaults committed against two different victims on the same evening. The cases were tried together in a bench trial. After finding Graves guilty of both offenses, the trial judge assessed punishment at 60-years confinement in each case to be served concurrently. The judge assessed costs against Graves in both cases and certified that Graves had a right to appeal each conviction. Graves timely filed a notice of appeal in both cases.

Graves presents four issues on appeal. In his first two issues, Graves contends that the judgment should be modified to reflect there was no plea bargain agreement and to delete a duplicate cost award from the bill of costs. The State agrees and requests the judgment also be modified to reflect that Graves is required to register as a sex offender. In his third and fourth issues, Graves asserts he should receive a new punishment hearing because the trial court demonstrated judicial bias by acting as an adversarial advocate against Graves and violated his common law right of allocution.

## Adversarial Advocacy as Judicial Bias

In his third issue, Graves argues "the trial court abused its discretion and committed reversible error of a fundamental and structural nature" by acting as an adversarial advocate against him. At the beginning of the punishment phase, Graves and the State entered into a written stipulation regarding the truth of each indictment's enhancement paragraph that alleged Graves had a prior felony conviction for aggravated robbery. The State did not offer the written document into evidence at that time. After final arguments, the judge recessed. When the judge reconvened on the record, the following occurred:

> THE COURT: We are back on the record. I believe the State will be offering State's Exhibit No. 129, which is the stipulation that was entered into and agreed between Defense Counsel and her client. And it's signed by all parties, correct, [Prosecutor]?
>
> [Prosecutor]: Yes.

–2–

[Defense Counsel]: No objection.

THE COURT: And no objection from [Defense Counsel]. All right. State's Exhibit No. 129 will be entered into evidence.

Graves contends the trial judge "expressly prompted the State to introduce the stipulation documents into evidence," and that through the acts of reopening evidence and prompting admission of Exhibit 129, the judge acted as an "adversarial advocate for the State." Graves asserts that the trial judge's actions reflect judicial bias amounting to fundamental structural error, thus, no objection was required to preserve error for appeal.

**Applicable Law**

Graves does not direct us to any portion of the record that indicates he made a request, objection, or motion based on the trial judge's alleged bias. *See* TEX. R. APP. P. 33.1(a) (requiring a timely request, objection, or motion to preserve a complaint for appellate review). He did not file a motion to recuse the trial judge or seek a new trial on the basis of bias.

Only two categories of errors may be raised for the first time on appeal, violations of rights which are waivable only and denials of fundamental systemic requirements. *Proenza v. State*, 541 S.W.3d 786, 798 (Tex. Crim. App. 2017) (citing *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)). The Court of Criminal Appeals rejected any common law "fundamental error" exception to the

rules of error preservation based upon harm, holding the question of error preservation instead turns upon the "nature" of the error itself. *Proenza*, 541 at 796 (citing *Marin*, 851 S.W.2d at 278-80.). We need not determine whether the alleged error requires an objection under *Marin* because, after reviewing the record, we find no apparent bias or partiality. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (declining to decide whether an objection is required to preserve an error of this nature where the record did not reflect partiality of trial court).

Due process requires a neutral and detached hearing body or officer. *Brumit*, 206 S.W.3d at 645 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). A defendant has an absolute right to an impartial judge at both the guilt-innocence and punishment phases of trial. *Segovia v. State*, 543 S.W.3d 497, 503 (Tex. App.— Houston [14th Dist.] 2018, no pet.). A judge should not act as an advocate or adversary for any party. *Johnson v. State*, 452 S.W.3d 398, 405 (Tex. App.— Amarillo 2014, pet. ref'd). To reverse a judgment on the ground of improper conduct or comments of the judge, we must be presented with proof (1) that judicial impropriety was in fact committed, and (2) of probable prejudice to the complaining party. *Id.* Absent a clear showing of bias, a trial court's actions are presumed correct. *Brumit*, 206 S.W.3d at 645. In conducting this review, we examine the entire record. *Id.*

**Application of Law to Facts**

Graves's sole complaint of "adversarial advocacy" relates to the admission of Exhibit 129, upon reconvening after a recess. It is not evident from the record why the trial judge and parties went back on the record. The record shows that a document reflecting the stipulation was handed to the trial judge before the recess, during the punishment phase of the trial. The judge questioned Graves on the contents of the stipulation relative to the enhancement paragraph. Thereafter, defense counsel closed.

Where no extrajudicial information was considered, predispositions formed by a judge on the basis of facts or events occurring in the course of the proceedings cannot be characterized as judicial bias unless the deep-seated favoritism or antagonism is so extreme as to display a clear inability to render a fair judgment. *Gaal v. State*, 332 S.W.3d 448, 454 (Tex. Crim. App. 2011) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). There is no showing of "deep-seated favoritism or antagonism that would make fair judgment impossible" where facts offered to show judicial bias did not offer any indication of what was going through a trial judge's mind and instead were based upon appellant's speculation as to what the judge was thinking. *See Gaal*, 332 S.W.3d at 458-59.

A trial judge has broad discretion in maintaining control and expediting the trial. *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). A judge can lawfully provide guidance and manage presentation of evidence from the bench

without abandoning her role as an independent arbiter. *Strong v. State*, 138 S.W.3d 546, 552 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.). In a bench trial, the judge has more latitude than in a jury trial to ask questions that an advocate might ask in order to assist in the fact-finding process. *See Moreno v. State*, 900 S.W.2d 357, 359-60 (Tex. App.—Texarkana 1995, no pet.); *see also Marshall v. State*, 297 S.W.2d 135, 136–37 (Tex. Crim. App. 1956). The exchange on this record relative to the formal admission of proffered evidence, already made part of the record through Graves's testimony and counsel's argument, reveals nothing as to the trial judge's motivations, nor does it reveal the type of "deep-seated favoritism or antagonism that would make a fair judgment impossible" and overcome the presumption that the trial court's actions were properly motivated. *See Gaal*, 332 S.W.3d at 458-59; *Brumit*, 206 S.W.3d at 646. Under these circumstances, we cannot conclude the trial judge acted as an adversarial advocate for the State. We overrule issue three.

## Right to Allocution

In his fourth issue, Graves claims he is entitled to a new punishment hearing because the trial judge deprived him of the common law right of allocution. Because Graves failed to preserve error on this issue, we do not address whether the common law right of allocution exists in Texas.[1]

---

[1] For a discussion of the history of allocution rights in Texas: *See Decker v. State*, No. 05-18-01259-CR, 2020 WL 614100, at *4 (Tex. App.—Dallas Feb. 10, 2020, no pet.) (mem. op., not designated for

**Applicable Law**

Controlling precedent requires preservation of a complaint regarding denial of allocution by making a timely and specific objection in the trial court and obtaining a ruling. *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g). The appellate error preservation requirement "ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); *see also* TEX. R. APP. P. 33.1.

**Application of Law to Facts**

Before sentencing, the trial judge asked "is there any legal reason your client should not be sentenced and sentence should not be imposed?" and defense counsel answered "No, Your Honor." Graves does not challenge the judge's compliance with his statutory right of allocution. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07. Rather, Graves complains on appeal that he was denied the opportunity to exercise his common law right of allocution by the judge not explicitly inquiring if he "wished to exercise his common law right to allocution or had anything to assert." The record reflects that Graves had the opportunity, but failed to invoke, any common law right of allocution in the trial court prior to sentencing and failed to

---

publication) ("Following the enactment of code of criminal procedure article 42.07, the questions of whether the statute encompassed the same scope as the former common-law practice, or, if not, supplanted any potential broader reach of the common-law right remained unanswered.").

timely object to the trial judge's alleged error in denying him that right. We therefore overrule issue four.

## Modification of Judgments

In his first and second issues, Graves contends the judgments should be modified to correct certain errors.

### Applicable Law

This Court has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so. *See Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd) (citing *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993)). A court of appeals may "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b).

### Application of Law to Facts

#### A. Plea Bargain Notation

In his first issue, Graves asserts that the trial court's judgment in each case must be modified to reflect that there was no plea bargain agreement between Graves and the State in regard to either of the charged offenses. The State agrees. Accordingly, we sustain issue one and modify both judgments to read "N/A" in the "Plea Bargain" field.

## B. Duplicate Costs

In his second issue, Graves argues that he was charged court costs twice because he was assessed costs in both cases even though the cases were tried together. The State agrees that Graves should have been charged each court cost or fee only once.

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). For purposes of this rule, a person convicted of two or more offenses in the same trial is convicted of those offenses in a "single criminal action." *Hurlburt v. State*, 506 S.W.3d 199, 203–04 (Tex. App.—Waco 2016, no pet.). When two or more convictions arise from a single criminal action, "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b).

Graves was convicted of two aggravated sexual assaults in a single trial. Therefore, each court cost or fee should have been assessed only once, in the amount corresponding to his most serious offense. The $474 in court costs assessed by Graves's judgment in cause number F17-76631 (05-19-00786-CR) incorporates the same fees as the $474 sum assessed in F17-76630 (05-19-00788-CR).

Because the fees are duplicative and the offenses are the same, we sustain issue two and modify the judgment in cause number F17-76631 (05-19-00786-CR) to delete the assessment of court costs.

## C. Sex Offender Registration

In a single cross-issue, the State asserts that the judgment in 05-19-00788-CR should be modified to reflect that Graves is required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure. "In the event of conviction of an offense for which registration as a sex offender is required under Chapter 62," the judgment must contain "a statement that the registration requirement of that chapter applies to the defendant and a statement of the age of the victim of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(27). Aggravated sexual assault is an offense for which sex offender registration is required under Chapter 62. *See* TEX. PENAL CODE ANN. § 22.021; TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.002.

Accordingly, we sustain the State's sole cross-issue and modify the judgment in cause number F17-76630 (05-19-00788-CR) to reflect that Graves must register as a sex offender under Chapter 62.

As modified, we affirm the judgments.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
190786F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

JERYL PATRICK GRAVES, JR.,
Appellant

No. 05-19-00786-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F17-76631-P.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** the statement "TBCT - 60 YEARS TDCJ; NO FINE" under the heading "Terms of Plea Bargain (if any):" and **INSERT** the statement "N/A."

We **DELETE** the statement of $474.00 under the heading "Court Costs:" and **INSERT** the statement "$ 0."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered April 21, 2021



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERYL PATRICK GRAVES, JR.,
Appellant

No. 05-19-00788-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F17-76630-P.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

We **DELETE** the statement "60 YEARS TDC" under the heading
"Terms of Plea Bargain (if any):" and **INSERT** the statement "N/A."

We **ADD** an "x" mark next to the statement "Defendant is required to
register as sex offender in accordance with Chapter 62, Tex. Code
Crim. Proc."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered April 21, 2021